UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SIMPSON,

        Plaintiff,

                                   CASE NO. 12-cv-14674
v.                                HONORABLE GERSHWIN A. DRAIN

WAYNE COUNTY JAIL,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#12]

### I.    INTRODUCTION

Plaintiff, Robert Simpson, proceeding *pro* se, filed the instant 42 U.S.C. § 1983 action on October 23, 2012. Plaintiff maintains that Defendant, Wayne County Jail,[1] was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Presently before the Court is Defendant's Motion to Dismiss, filed on April 26, 2013. Plaintiff filed a response to Defendant's Motion to Dismiss on May 9, 2013, and Defendant filed a Reply Brief supporting its Motion on May 14, 2013. The Court has reviewed the pleadings and briefs in this matter and finds that Plaintiff has failed to state a cognizable claim under § 1983, therefore Defendant's Motion to Dismiss is GRANTED and this cause of action is dismissed.

---

[1] It appears that Plaintiff also intends to bring this action against "all doctors and nurses at the Wayne County Jail," however he does not include these individuals in the case caption.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that in August of 2010, he underwent surgery for cancer while he was confined at the Wayne County Jail.  Plaintiff maintains that Defendant was deliberately indifferent to his medical needs by denying him adequate post-surgery care, an MRI, and by failing to provide him with prescribed medications.  Plaintiff further claims that he is entitled to $250,000.00 in damages for his pain and suffering.

## III.    LAW & ANALYSIS

### A.     Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B.    Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all administrative remedies prior to filing a suit in federal court regarding prison conditions. *See* 42 U.S.C. § 1997e(a). Specifically, the PLRA states in relevant part:

> No action shall be brought with respect to prison conditions under . . . 42 U.S.C. § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and applies "to all inmate suits

about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2001).

Here, Defendant has provided the affidavit of the Wayne County Jail's Compliance Administrator, Charles Pappas, who avers that he has reviewed Plaintiff's inmate file and it does not contain any grievances pertaining to alleged inadequate medical care, or a request for, and subsequent denial of medical care. *See* Def.'s Mot., Ex. C. In his response, Plaintiff refutes that he failed to exhaust his administrative remedies, arguing that he submitted his grievance form with his Complaint. However, Plaintiff is mistaken, a review of his Complaint and the documents attached thereto reveals that Plaintiff did not include any grievances associated with his medical care. The Court further notes that Plaintiff does not argue that he was prevented access to Wayne County Jail grievance forms or otherwise prevented from submitting a grievance concerning his medical treatment. *See Surles v. Andison*, 678 F.3d 452, 458 n. 10 (6th Cir. 2012) ("Only if the plaintiff contends that he was prevented from exhausting his remedies must the defendant present evidence showing that the plaintiff's ability to exhaust was not hindered.").

Therefore, because Plaintiff has failed to exhaust his administrative remedies, his claim must be dismissed under the PLRA.

### C.    Failure to State a Claim

Even if Plaintiff properly exhausted his administrative remedies as required by the PLRA, his claim would still be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A § 1983 claim against a municipality, such as the only named Defendant here, requires a Plaintiff to plead that a governmental policy or custom caused his injury. Therefore, Plaintiff is required to plead "that the unconstitutional policy existed, that the policy or custom was connected

4

to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison County Ky.*, 238 F.3d 739, 743 (6th Cir. 2001). Plaintiff's Complaint is devoid of any allegations that Wayne County Jail has a policy or custom of denying inmates adequate medical care.

Further, to the extent Plaintiff intended to assert an Eighth Amendment claim against "all the doctors and nurses" at Wayne County Jail, he fails to state a claim against these individuals. A claim that the Eighth Amendment has been violated by government officials' deliberate indifference has an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires Plaintiff to allege that the inadequate medical care exposed him to a "substantial risk of serious harm." *Id.* The subjective component requires Plaintiff to allege that the government officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must draw the inference." *Id.* at 837.

In this instance, Plaintiff fails to assert any specific factual allegations against any of the doctors or nurses explaining how each individual contributed to the deprivation of his constitutional rights. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. A'ppx 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg v. Brooks*, 436 U.S. 149, 155-57 (1978)). Moreover, Plaintiff fails to allege that he was subjected to a substantial risk of serious harm. Rather, he asserts only that the failure to provide him with adequate post-surgery care, an MRI and prescribed medication caused him pain and suffering. These factual allegations are insufficient to state a claim of deliberate indifference to serious medical needs under the Eighth

5

Amendment.

**IV.     CONCLUSION**

For the reasons articulated above, Defendant's Motion to Dismiss [#12] is GRANTED.

This cause of action is dismissed.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2013